Merrimack, }
Dec., 1895. }

### SHEPARD v. PROVIDENT MUTUAL RELIEF ASSOCIATION.

ASSUMPSIT. Facts found by the court. The plaintiff is the executor of the will of James Bradford, and seeks to recover the amount of a benefit in the defendant association. The by-laws of the association provide that the amount specified in a member's certificate shall be paid "to his direction, as entered upon his certificate or the roll book of the association"; and if the beneficiaries are deceased and there is no surviving widow or widower, "it shall become a part of the estate of the deceased member and may be disposed of by will." At the time of the insured's death, his certificate was made payable "to James Minot, as his claim shall appear, and the balance according to the provisions of said Bradford's will." In his will, Bradford made several bequests and appointed the plaintiff executor of his estate and residuary legatee, but did not refer specifically therein to his insurance. He left no widow, children, or other relatives.

*Sargent & Hollis*, for the plaintiff.

*Walter D. Hardy*, for the defendants.

*Per Curiam.** In the absence of a brief from the defendants, no valid ground of defence is suggested. As the balance of the insurance after satisfying Minot's claim was not specifically disposed of in Bradford's will, it was payable to his estate under the by-laws; and the estate is represented by the executor.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.

_____
*See foot-notes on pages 22 and 376.